Filed 3/11/25  In re G.G. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re G.G. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E083893 |
| Plaintiff and Respondent, | (Super.Ct.No. DPIN2400037) |
| v. | OPINION |
| G.G. et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Gregory J. Olson, Judge.
Dismissed.

Sarah Vaona, under appointment by the Court of Appeal, for Defendant and
Appellant, G.G.

William D. Caldwell, under appointment by the Court of Appeal, for Defendant
and Appellant, V.S.

Minh C. Tran, County Counsel, Teresa K. Beecham and Prabhath Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

INTRODUCTION

V.S. (mother) and G.G. (father) appeal from the jurisdictional findings and dispositional orders declaring their five children dependents of the juvenile court under Welfare and Institutions Code section 300, subdivisions (b) and (j), and ordering family maintenance services for the parents.[1] While this appeal was pending, the juvenile court terminated jurisdiction, allowing the children to remain in the parents' custody. Because we cannot provide the parents any effective relief, we dismiss the appeal as moot.

FACTUAL BACKGROUND

The subjects of this appeal are mother and father's four daughters and one son (the children), all of whom are between the ages of one and 10. On February 22, 2024, the Riverside County Department of Public Social Services (the department) filed a petition under section 300, subdivisions (b) and (j), alleging that the parents allowed the children to be around the paternal grandfather, a registered sex offender who had recently been accused of molesting the children's half-sister, A.G., when A.G. was three years old.

During the course of its investigation, the department learned that the paternal grandfather had been convicted of oral copulation of a child under the age of 14 and that the parents listed him as the children's emergency contact in their school file and allowed

---

[1] Unlabeled statutory citations refer to the Welfare and Institutions code.

2

the children to visit his home and spend the night. Father denied that he maintained a relationship with the paternal grandfather, denied that A.G. had been sexually abused, and called A.G. a liar, despite the fact that in a separate dependency proceeding the juvenile court had found the allegations against the paternal grandfather true. The social worker noted that the children seemed nervous and coached during their interviews. Contradicting father's statements, mother acknowledged that the children had contact with the paternal grandfather, but she said she did not know why the department would be concerned about that fact. Both parents also knew that the paternal grandfather failed to register as a sex offender in January 2023. Mother and father did not complete predisposition services, and both father's therapist and mother's behavioral health specialist expressed concern over the fact that father was blaming A.G. for breaking up their family and calling her a liar.

Shortly before the jurisdiction and disposition hearing, the social worker learned that the parents had removed the paternal grandfather from the children's school emergency contact list. The social worker interviewed the parents and this time they were "very communicative" and promised that they would not allow the children to be around the paternal grandfather anymore.

At the March 27, 2024 jurisdiction and disposition hearing, the juvenile court found that the children came withing subdivisions (b) and (j) of section 300, declared the children dependents, and ordered family maintenance services for the parents. The court told the parents, "I know you're doing the best job you can do, but sometimes . . . there's just enough there" to warrant court supervision. Father told the court, "I don't want my

3

dad in the picture. . . . I don't want nothing to do with him at all." The court told the parents that it believed that they were "getting there" and that it believed that it might be possible to "close this case" in the next six months."

Mother and father appealed from the court's jurisdictional findings and dispositional orders. As the appeal was pending, at the section 364 six-month review hearing on November 6, 2024, the juvenile court issued an exit order terminating the dependency and finding that custody orders were not needed, as the parents were living together.[2]

## DISCUSSION

Before this dependency was terminated, mother filed an opening brief challenging the jurisdictional findings and dispositional orders, and father filed an opening brief, joining mother's arguments. Two months later, the juvenile court terminated jurisdiction. In its respondent's brief, the department asks us to take judicial notice of the court's exit order and argues that the parents' appeal is moot because we cannot provide the parents with effective relief. In response, mother filed a reply letter brief stating that she does not oppose our taking judicial notice of the order terminating the dependency and does not dispute the department's contention that the appeal is moot. Father did not file a reply. We agree that the appeal is moot.

---

[2] We grant the department's request to take judicial notice of the juvenile court's November 2024 minute order terminating jurisdiction. (See Evid. Code, § 452, subd. (d).)

Courts are tasked with deciding actual controversies by a judgment that can be carried into effect. (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).) As a result, it is generally not our duty to issue opinions on moot or abstract questions. (*Ibid.*) An appeal becomes moot when events make it " ' "impossible" ' " for us to grant the appellant any effective relief, were we to decide the case in favor of the appellant . (*Ibid.*) "For relief to be 'effective,' " the appellant "must complain of an ongoing harm," and "the harm must be redressable or capable of being rectified by the outcome the [appellant] seeks." (*Ibid.*)

This appeal is moot. Even if the juvenile court erred by finding that the children came within subdivisions (b) and (j) of section 300, a reversal of the jurisdictional findings and dispositional orders would not affect the outcome of the proceedings. The juvenile court's subsequent order superseded the challenged findings and orders by finding that the conditions justifying the initial assumption of jurisdiction no longer exist, allowing the children to remain in the parents' custody and terminating jurisdiction. In light of those findings and the court's exit order, it is impossible for us to grant the parents any effective relief.

Although we have discretion to reach the merits of the parents' challenge (*In re D.P., supra*, 14 Cal.5th at p. 282), we decline to do so here because (1) neither parent has asked us to; (2) the case does not present an issue of broad public interest that is likely to recur and evade review; and (3) none of the additional factors identified in *In re D.P.* justify reaching the merits of this appeal. (See *In re D.P.*, at pp. 285-286.)

DISPOSTION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.